UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BILLY LEE RHOADS,

    Plaintiff,

v.	Case No. 20-12307

MECOSTA COUNTY JAIL,

    Defendant,
    _____/

**OPINION AND ORDER TRANSFERRING THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Billy Lee Rhoads, presently confined at Defendant Mecosta County Jail in Big Rapids, Michigan, filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff claims that Defendant violated several of his constitutional rights while he was incarcerated. For the reasons stated below, the court will transfer this matter to the United States District Court for the Western District of Michigan for further proceedings.

**I. DISCUSSION**

In the present case, all of the alleged constitutional violations took place while Plaintiff was incarcerated at Defendant Mecosta County Jail, which is located in the Western District of Michigan. Plaintiff is still incarcerated at Mecosta.

The proper venue is in the judicial district where either all the defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F.2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where

the action might have been brought." 28 U.S.C. § 1404(a); *see United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000) (Gadola, J.). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances.

*Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (Gadola, J.).

The court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place at the Mecosta County Jail. *See Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003) (quoting *Starnes v. McGuire*, 512 F. 2d 918, 931 (D.C. Cir.1974)). The witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting Plaintiff to this

judicial district would be significant. For these reasons, transfer of this action to the Western District of Michigan would be proper. 28 U.S.C. § 1404(a).

Plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in this district. *See Miles v. WTMX Radio,* 15 F. App'x 213, 215 (6th Cir. 2001). The United States District Court for the Western District of Michigan is the proper venue, and the court will transfer this action for further proceedings.

## II. CONCLUSION

IT IS ORDERED that this case is TRANSFERRED to the to the United States District Court for the Western District of Michigan.

                                            s/Robert H. Cleland          /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: September 8, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2020, by electronic and/or ordinary mail.

                                            s/Lisa Wagner          /
                                            Case Manager and Deputy Clerk
                                            (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-12307.RHOADS.OpinionTransferingCasetoWDMich.DHB.RMK.docx